115 T.C. No. 24

UNITED STATES TAX COURT

HELEN S. HEALER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No.  12867-99.                    Filed October 13, 2000.

        Petitioner (P) failed to file timely a Federal
income tax (tax) return (return) for 1996.  On Apr. 28,
1999, respondent (R) timely mailed to P a notice of
deficiency (notice) which included a substitute for
return prepared by R pursuant to sec. 6020(b)(1),
I.R.C., for P's tax year 1996 (R's substitute for
return for P's tax year 1996).  As of the date of the
mailing of the notice, P had not filed a return for
1996.  On July 16, 1999, P signed a return for 1996
(P's 1996 return), which was received by R on July 19,
1999.  On Aug. 4, 1999, after the petition was filed in
this case, P signed an amended return for 1996 (P's
amended 1996 return), which she submitted to R.  In P's
1996 return, P's amended 1996 return, and the petition,
P disputed each determination in the notice that ap-
pears in R's substitute for return for P's tax year
1996 (except P conceded in the petition and P's amended
1996 return that her prepayment credits for 1996, which
are attributable to estimated tax payments for that
year, total $30,480).  The parties now agree that,

after taking into account P's prepayment credits, P has overpaid her tax for 1996 (1996 overpayment). It is P's position that sec. 6512(b)(3)(B), I.R.C., requires the application of the 3-year look-back period in sec. 6511(b)(2)(A), I.R.C., and that consequently she is entitled to a refund of her 1996 overpayment.

Held: Neither the amendment of sec. 6512(b)(3), I.R.C., nor its legislative history, effective for tax years that ended after Aug. 5, 1997, see Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 1282(a) and (b), 111 Stat. 1037-1038, permits the Court to deviate in this case from the holding in Commissioner v. Lundy, 516 U.S. 235 (1996). Held, further, a substitute for return prepared by the Commissioner of Internal Revenue pursuant to sec. 6020(b)(1), I.R.C., does not constitute a return filed by the taxpayer for purposes of sec. 6511, I.R.C. Held, further, sec. 6512(b)(3)(B), I.R.C., requires the application in the instant case of the 2-year look-back period in sec. 6511(b)(2)(B), I.R.C. See Commissioner v. Lundy, supra. Held, further, P is not entitled to a refund of her 1996 overpayment. See sec. 6512(b)(3)(B); Commissioner v. Lundy, supra.

Laurence L. Pillsbury, for petitioner.

Taylor Cortright, for respondent.

OPINION

CHIECHI, Judge: Respondent determined the following deficiency in, and additions under section 6651(a)(1) and (2)[1] to, petitioner's Federal income tax (tax) for 1996:

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

| | | Additions to Tax | |
|------|------------|-----------------|-----------------|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) |
| 1996 | $34,417.00 | $885.82 | $433.07 |

The only issue remaining for decision is whether petitioner is entitled to a refund of her overpayment of tax for 1996. We hold that she is not.

## Background

This case was submitted fully stipulated. The facts that have been stipulated are so found. The following background reflects facts stipulated by the parties and matters asserted on brief that the parties do not dispute.

Petitioner's mailing address was in South Natick, Massachusetts, at the time the petition was filed.

Petitioner received an automatic extension of time until August 15, 1997, within which to file her tax return (return) for 1996. Thereafter, she received a second extension until October 15, 1997, within which to file that return. Petitioner did not timely file her 1996 return on or before October 15, 1997.

On April 28, 1999, respondent timely mailed to petitioner a notice of deficiency (notice) for 1996, in which respondent made the determinations that we have described above and that we describe below. As of the date of the mailing of the notice, petitioner had not filed a return for 1996.

Included as part of the notice that respondent issued to

petitioner for her tax year 1996 was a three-page document entitled "PROPOSED INDIVIDUAL INCOME TAX ASSESSMENT" which was dated January 4, 1999, and the first page of which contained the heading "TAX CALCULATION SUMMARY". Respondent had originally prepared that document with respect to petitioner's tax year 1996 in accordance with respondent's automated substitute for return procedures pursuant to respondent's authority under section 6020(b)(1). (For convenience, we shall refer to the three-page document included as part of the notice that respondent issued to petitioner for 1996 as respondent's substitute for return for petitioner's tax year 1996.)

In respondent's substitute for return for petitioner's tax year 1996, respondent determined, inter alia, that for 1996 petitioner's "total income" was $133,156, that there were no adjustments to petitioner's "total income", and that, consequently, petitioner's "adjusted gross income" was equal to the "total income" determined by respondent for that year (i.e., $133,156). Respondent further determined in respondent's substitute for return for petitioner's tax year 1996 that petitioner is entitled to one personal exemption of $2,193 and a standard deduction, including a deduction for individuals age 65 or older, of $5,000, that petitioner's "taxable income" for 1996 equaled $125,963, that the tax before credits on that taxable income is $34,417, and that the tax after prepayment credits of $30,480 is

$3,937.

On July 16, 1999, petitioner signed Form 1040, U.S. Individual Income Tax Return, for 1996 (petitioner's 1996 return), which respondent received on July 19, 1999. In petitioner's 1996 return, petitioner reported both "total income" and "adjusted gross income" of $77,720, claimed a personal exemption of $2,550 and itemized deductions of $33,208, reported taxable income of $41,962, and calculated the tax before credits on that taxable income to be $8,633 and the overpayment after claimed prepayment credits (i.e., estimated tax payments) of $30,750 to be $22,116, which she claimed as a refund.

On July 22, 1999, petitioner filed a petition with the Court. In the petition, petitioner alleged, inter alia, that respondent's determinations in the notice that appear in respondent's substitute for return for petitioner's tax year 1996 are erroneous (except for the amount of her prepayment credits) and that for 1996, after taking into account prepayment credits of $30,480, she has an overpayment of $21,915, which should be refunded to her.

On August 4, 1999, petitioner signed Form 1040X, Amended U.S. Individual Income Tax Return, for 1996 (petitioner's amended 1996 return), which she submitted to respondent. In petitioner's amended 1996 return, petitioner made minor changes to petitioner's 1996 return, reporting "total income" and "adjusted

gross income" of $77,550 and claiming itemized deductions of $33,296 and prepayment credits of $30,480.

The parties agree that petitioner's prepayment credits for 1996 total $30,480 and are attributable to estimated tax payments for that year. The parties further agree that, without considering those prepayment credits for 1996, there is a reduced deficiency of $21,507 in petitioner's tax for 1996. The parties also agree that, after taking into account petitioner's $30,480 of prepayment credits, petitioner has overpaid her 1996 tax in the amount of $8,973 (1996 overpayment).

## Discussion

Petitioner contends that she is entitled to a refund of her 1996 overpayment. Respondent disputes that contention. On the record before us, we reject petitioner's position.

The Court has jurisdiction to determine the amount of an overpayment of tax for a taxable year, and the amount so determined by the Court shall, when the decision of the Court becomes final, be credited or refunded to the taxpayer. See sec. 6512(b)(1). Section 6512(b)(3) imposes a limit on the amount of any such credit or refund. As pertinent here, that section provides:

> (3) Limit on amount of credit or refund.--No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid--

> \*   \*   \*   \*   \*   \*   \*

    (B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment * * *

The parties agree that section 6512(b)(3)(B) requires us to focus in the present case on section 6511(b)(2). The dispute here centers on whether section 6511(b)(2)(A) applies as petitioner contends or whether section 6511(b)(2)(B) applies as respondent contends.[2] The Supreme Court of the United States (Supreme Court) resolved an identical dispute in Commissioner v. Lundy, 516 U.S. 235 (1996).

As framed by the Supreme Court, the issue presented to it in Commissioner v. Lundy, supra, was

    which of these two look-back periods [the 3-year look-back period in section 6511(b)(2)(A) or the 2-year look-back period in section 6511(b)(2)(B)] to apply when the taxpayer fails to file a tax return when it is due, and the Commissioner mails the taxpayer a notice of deficiency before the taxpayer gets around to filing a late return.

Id. at 243. The Supreme Court held that section 6512(b)(3)(B) requires that the 2-year look-back period in section 6511(b)(2)(B) be applied in such a situation. See id.

Shortly after the Supreme Court decided Commissioner v.

_____

[2]The parties agree that sec. 6511(b)(2)(C) does not apply in the instant case. For convenience, we shall refer to the different time periods specified in sec. 6511(b)(2)(A) and (B) as the 3-year look-back period and the 2-year look-back period, respectively.

Lundy, supra, Congress amended section 6512(b)(3) by adding the following sentence at the end of that section:

> In a case described in subparagraph (B) where the date of the mailing of the notice of deficiency is during the third year after the due date (with extensions) for filing the return of tax and no return was filed before such date, the applicable period under subsections (a) and (b)(2) of section 6511 shall be 3 years.

Taxpayer Relief Act of 1997 (1997 Act), Pub. L. 105-34, sec. 1282(a), 111 Stat. 1037. Congress made the foregoing amendment effective for taxable years that ended after August 5, 1997. See 1997 Act sec. 1282(b), 111 Stat. 1038. (We shall refer to section 6512(b)(3) as amended by the 1997 Act as amended section 6512(b)(3).)

Petitioner acknowledges that Commissioner v. Lundy, supra, holds that section 6512(b)(3)(B) requires the application of the 2-year look-back period in section 6511(b)(2)(B) in a situation such as the one presented in the instant case. Petitioner also acknowledges that amended section 6512(b)(3) does not apply to petitioner's tax year 1996, the year at issue in this case. Petitioner nonetheless maintains that the 3-year look-back period in section 6511(b)(2)(A) applies in the instant case. In support of that position, petitioner advances petitioner's interpretation of amended section 6512(b)(3). Based on that interpretation as well as her interpretation of certain legislative history relating to amended section 6512(b)(3), petitioner argues:

> Congress obviously thought that taxpayers in

petitioner's circumstance were entitled to recover refunds in the Tax Court under section 6512(b)(3)(B) as the statute stood before the 1997 amendment. Congress clearly did not cover taxpayers in petitioner's circumstance under the amendment and yet Congress could not possibly have intended to give a 3-year look-back period only to late filers and nonfilers who never obtained an extension of time to file the return. The conclusion appears inescapable that Congress thought the statute in its pre-1997 form authorized refunds to taxpayers in petitioner's position.

Although this court is not at liberty to apply the paragraph added in 1997 to the 1996 tax year, a provision which in all events is inapplicable to petitioner, this court surely is authorized to consider the 1997 legislative history, that is, the practical interpretation Congress made of the preexisting statute at that time. That legislative history compels a different construction of section 6512(b)(3)(B) than the one reached in Lundy.

* * * In Commissioner v. Lundy, supra, 516 U.S. 235, 248 (1996), the Court rejected a comparable construction in the course of reaching what it considered to be a superior interpretation. The Court, however, did not have the 1997 legislative history to consider in reaching its conclusion.

The short answer to petitioner's argument regarding amended section 6512(b)(3) and its legislative history is that the Supreme Court held in Commissioner v. Lundy, supra, that the 2-year look-back period in section 6511(b)(2)(B) applies in a situation such as that presented in the instant case. Neither amended section 6512(b)(3), which petitioner concedes does not apply to her tax year 1996, nor its legislative history permits us to deviate from that holding in the present case. We reject petitioner's position that the 3-year look-back period in section 6511(b)(2)(A) applies in the instant case.

Petitioner advances an alternative argument as to why the 3-year look-back period in section 6511(b)(2)(A) applies in the instant case. Petitioner argues that, for purposes of section 6511(a), respondent's substitute for return for petitioner's tax year 1996 constitutes a return filed by the taxpayer, here petitioner, on or before April 28, 1999, the date on which respondent issued the notice to her. Consequently, according to petitioner, the 3-year look-back period in section 6511(b)(2)(A) applies in the instant case. Respondent counters that a substitute for return prepared by respondent pursuant to section 6020(b)(1) does not constitute a return filed by the taxpayer for purposes of section 6511(a) and that therefore petitioner's alternative argument should be rejected. We agree with respondent.

In support of her position that respondent's substitute for return for petitioner's tax year 1996 constitutes a return filed by the taxpayer for purposes of section 6511(a), petitioner relies on section 6020(b)(2). Section 6020(b) provides in pertinent part:

> SEC. 6020. RETURNS PREPARED FOR OR EXECUTED BY SECRETARY.
>
> (b) Execution of Return by Secretary.--
>
> (1) Authority of secretary to execute return.--If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor * * *, the Secretary shall make such return from

>his own knowledge and from such information as he can obtain through testimony or otherwise.
>
>(2) Status of returns.--Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes.

In Flagg v. Commissioner, T.C. Memo. 1997-297, we rejected the taxpayer's argument that certain returns prepared by the Commissioner of Internal Revenue (Commissioner) pursuant to section 6020(b)(1) were returns for purposes of section 6511. We concluded in Flagg that such returns are not returns for purposes of section 6511. In support of that conclusion, we relied on section 6501(b)(3) and several cases, including United States v. Stafford, 983 F.2d 25, 27 (5th Cir. 1993), all of which held that the Commissioner's preparation of a substitute for return pursuant to section 6020(b)(1) does not relieve the taxpayer of his or her obligation to file a return. See Flagg v. Commissioner, supra.

We reaffirm our conclusion in Flagg v. Commissioner, supra, and hold that a substitute for return prepared by the Commissioner pursuant to section 6020(b)(1) is not a return filed by the taxpayer for purposes of section 6511. In support of that

holding, we rely not only on section 6501(b)(3)[3] and the

---

[3]Sec. 6501(b)(3) provides:

(3) Return executed by secretary.--Notwithstanding the provisions of paragraph (2) of section 6020(b), the execution of a return by the Secretary pursuant to the authority conferred by such section shall not start the running of the period of limitations on assessment and collection.

Although sec. 6511 does not expressly provide a rule similar to sec. 6501(b)(3) for purposes of sec. 6511, we attach no significance to that omission in considering whether a substitute for return prepared by the Commissioner pursuant to sec. 6020(b)(1) constitutes a return filed by the taxpayer for purposes of sec. 6511. That is because of the obvious interplay between secs. 6501 and 6511. In this connection, the following statements of the Supreme Court in Commissioner v. Lundy, 516 U.S. 235, 244-245 (1996), are instructive:

in the case where the taxpayer has filed a timely tax return and the IRS is claiming a deficiency in taxes from that return, the interplay of §§ 6512(b)(3)(B) and 6511(b)(2) generally ensures that the taxpayer can obtain a refund of any taxes against which the IRS is asserting a deficiency. In most cases, the notice of deficiency must be mailed within three years from the date the tax return is filed. See 26 U.S.C. §§ 6501(a) * * *. Therefore, if the taxpayer has already filed a return (albeit perhaps a faulty one), any claim filed "on the date of the mailing of the notice of deficiency" would necessarily be filed within three years from the date the return is filed. In these circumstances, the applicable look-back period under § 6512(b)(3)(B) would be the 3-year period defined in § 6511(b)(2)(A) * * *.

Therefore, in the case of a taxpayer who files a timely tax return, § 6512(b)(3)(B) usually operates to toll the filing period that might otherwise deprive the taxpayer of the opportunity to seek a refund * * *.

Section 6512(b)(3)(B) treats delinquent filers of income tax returns less charitably. Whereas timely filers are virtually assured the opportunity to seek a

(continued...)

several cases cited in <u>Flagg</u>.  We also rely on section 6020(a)

and <u>Millsap v. Commissioner</u>, 91 T.C. 926 (1998), which we decided

after we issued our Opinion in <u>Flagg v. Commissioner</u>, <u>supra</u>.

Section 6020(a) states:

> SEC. 6020.   RETURNS PREPARED FOR OR EXECUTED BY
>               SECRETARY.
>
>      (a) Preparation of Return by Secretary.--If any
> person shall fail to make a return required by this
> title or by regulations prescribed thereunder, but
> shall consent to disclose all information necessary for
> the preparation thereof, then, and in that case, the
> Secretary may prepare such return, which, <u>being signed</u>
> <u>by such person</u>, may be received by the Secretary as the
> return of such person.   [Emphasis added.]

Petitioner did not sign respondent's substitute for return for

petitioner's tax year 1996.  That substitute for return was not

received by respondent as the return of petitioner pursuant to

section 6020(a).  In fact, in petitioner's 1996 return, peti-

tioner's amended 1996 return, and the petition, petitioner

disputed each determination in the notice that appears in respon-

dent's substitute for return for petitioner's tax year 1996

(except petitioner conceded in the petition and petitioner's

---

[3](...continued)
refund in the event they are drawn into Tax Court
litigation, a delinquent filer's entitlement to a
refund in Tax Court depends on the date of the mailing
of the notice of deficiency. * * * in the case of
delinquent filers, § 6512(b)(3)(B) establishes only a
2-year look-back period, so the delinquent filer is not
assured the opportunity to seek a refund in Tax Court:
If the notice of deficiency is mailed more than two
years after the taxes were paid, the Tax Court lacks
jurisdiction to award the taxpayer a refund.

amended 1996 return that her prepayment credits for 1996 total $30,480).

In Millsap v. Commissioner, supra, we held that substitute for returns prepared by the Commissioner pursuant to section 6020(b)(1) do not constitute separate returns for purposes of section 6013(b), even though section 6020(b)(2) literally treats such returns as "prima facie good and sufficient for all legal purposes."

We hold that the 2-year look-back period in section 6511(b)(2)(B) applies for purposes of section 6512(b)(3)(B).  We further hold that petitioner is not entitled to a refund of her 1996 overpayment.[4]  See sec. 6512(b)(3)(B); Commissioner v. Lundy, 516 U.S. 235 (1996).

To reflect the foregoing,

> Decision will be entered under Rule 155.

---

[4]We have considered all of the contentions and arguments of petitioner that are not discussed herein, and we find them to be without merit and/or irrelevant.