118 T.C. No. 9


UNITED STATES TAX COURT



GLORIA J. SPURLOCK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 6438-01.              Filed February 15, 2002.



        <u>Held</u>:  A sec. 6020(b), I.R.C., return made by R,
which shows an amount of tax, does not affect whether
there is a "deficiency" under sec. 6211(a), I.R.C.
Where P failed to file a return, the amount of tax
shown on a sec. 6020(b), I.R.C., return made by R is
subject to deficiency procedures, and R must follow
those procedures before he can make an assessment.
<u>Millsap v. Commissioner</u>, 91 T.C. 926 (1988).



Gloria J. Spurlock, pro se.

<u>Frederick W. Krieg</u>, for respondent.

OPINION

RUWE, Judge:  This matter is before us on petitioner's motions for partial summary judgment under Rule 121.[1]  The issues for decision are whether a section 6020(b) return prepared by respondent is a "return" for purposes of section 6211(a), and whether there can exist a "deficiency" with respect to tax liabilities stated on a section 6020(b) return.  At the time of filing the petition in this case, petitioner was a resident of Louisville, Kentucky.

Petitioner did not file Federal income tax returns for 1995, 1996, or 1997.  However, respondent prepared what he represents as "substitutes for return" for each of those tax years.[2]  The substitutes for return, upon which respondent relies, show a tax liability of $2,747 for 1995, $5,082 for 1996, and $3,149 for 1997.  Respondent has not made any income tax assessments against petitioner for the tax liabilities shown on those returns.  Respondent issued a notice of deficiency to petitioner on February 20, 2001, in which he determined the following income tax deficiencies and additions to tax:

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the tax years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Respondent states that "The term 'substitute for return' is a term used by Respondent for returns or partial returns prepared by Respondent where the taxpayer did not file a return."

| | | Additions to tax | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 1995 | $2,747 | $533.75 | N/A | $112.10 |
| 1996 | 5,082 | 1,125.68 | To be determined. | 265.81 |
| 1997 | 3,149 | 539.55 | To be determined. | 123.81 |

Under Rule 121(a), either party may move for summary judgment upon all or part of the legal issues involved in the case.  We shall grant a motion for partial summary judgment where there is no genuine issue as to any material fact relevant to the issues involved.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  The moving party has the burden of proving that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law.  FPL Group, Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001).

Under section 6020(b)(1), respondent has the authority to execute a return "If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return".  Section 6020(b)(2) provides that "Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes."[3]

On the basis of the language contained in section 6020(b)(2), petitioner argues that returns prepared by respondent

_____

[3]Both parties agree that respondent filed sec. 6020(b) returns for the years in issue; however, we do not decide whether those "returns" meet the requirements of sec. 6020(b).

are treated in the same manner as if the taxpayer had filed those returns. Under section 6211(a), the term "deficiency" is generally defined as the amount of tax imposed less the amount shown as the tax by the taxpayer upon his return. See Laing v. United States, 423 U.S. 161, 173 (1976). Petitioner contends that "Neither an amount of tax shown upon a return made by Respondent, nor an amount of tax shown upon a return filed by a taxpayer, falls within the definition of the term 'deficiency.'" Petitioner argues that since the amounts stated as tax liabilties in the substitutes for return are equal to the amounts determined by respondent in the notice of deficiency, there is no "deficiency" under section 6211(a).

Respondent, on the other hand, contends that section 6211(a) refers to an "amount shown as tax by the taxpayer upon his return" and that petitioner did not file returns in this case. Respondent argues that when a section 6020(b) return is prepared, it is considered a return filed by the taxpayer for the purpose of calculating the section 6651(a)(2) addition to tax pursuant to section 6651(g)(2).[4] However, respondent contends that a section

---

[4]Sec. 6651(g) provides:

    SEC. 6651(g). Treatment of Returns Prepared by Secretary Under Section 6020(B).--In the case of any return made by the Secretary under section 6020(b)--

        (1) such return shall be disregarded for purposes of determining the amount of the addition

(continued...)

6020(b) return is not a return of the taxpayer for purposes of

section 6211(a) and that the amount shown on a section 6020(b)

return represents a "deficiency".

The language in section 6211(a) itself does not refer to a

section 6020(b) return or a return prepared by the Commissioner.

Instead, section 6211(a) speaks in terms of a return "made by the

taxpayer" and an amount "shown as the tax by the taxpayer

thereon".[5]

---

[4](...continued)
     under paragraph (1) of subsection (a), but

          (2) such return shall be treated as the
     return filed by the taxpayer for purposes of
     determining the amount of the addition under
     paragraphs (2) and (3) of subsection (a).

[5]Sec. 6211(a) provides:

SEC. 6211.   DEFINITION OF A DEFICIENCY.

     (a) In General.--For purposes of this title in the
case of income, estate, and gift taxes imposed by
subtitles A and B and excise taxes imposed by chapters
41, 42, 43, and 44 the term "deficiency" means the
amount by which the tax imposed by subtitle A or B, or
chapter 41, 42, 43, or 44 exceeds the excess of--

          (1) the sum of

               (A) the amount shown as the tax by the
          taxpayer upon his return, if a return was
          made by the taxpayer and an amount was shown
          as the tax by the taxpayer thereon, plus

               (B) the amounts previously assessed (or
          collected without assessment) as a
          deficiency, over--

                                             (continued...)

In <u>Millsap v. Commissioner</u>, 91 T.C. 926 (1988), we addressed the issue of whether a section 6020(b) return made by the Commissioner was a "separate return" filed by "an individual" under section 6013(b)(1). We held that in order to provide a "rational meaning" for the term "individual", section 6013(b)(1) should not be interpreted to include a return prepared by respondent under section 6020(b). <u>Id.</u> at 936-937. Similarly, in order for the references to the term "taxpayer" in section 6211(a) to have any "rational meaning", section 6211(a) should be interpreted to exclude returns which are prepared by the Commissioner.

There are other examples where this Court has interpreted references in the Code to the term "return" as not including a return prepared by the Commissioner. For example, in <u>Healer v. Commissioner</u>, 115 T.C. 316 (2000), we held that a section 6020(b) return was not a return filed by the taxpayer for purposes of section 6511. Likewise, Congress has expressly or impliedly limited the application of section 6020(b)(2). Under section 6501(b)(3), "Notwithstanding the provisions of paragraph (2) of section 6020(b), the execution of a return by the Secretary pursuant to the authority conferred by such section shall not start the running of the period of limitations on assessment and

---

[5](...continued)
           (2) the amount of rebates, as defined in subsection (b)(2), made.

collection."  And, in section 6651(g)(1), a return prepared by the Commissioner shall be disregarded for purposes of section 6651(a)(1), which imposes an addition to tax for failure to file any "return".

Petitioner argues, on the basis of the aforementioned Code sections, that "Where I.R.C. § 6020(b) returns are not to be 'good and sufficient for all legal purposes,' Congress has either specifically stated the legal purpose for which they will not be good and sufficient (as in I.R.C. § 6501(b)(3))".  However, we do not find that the language of section 6020(b)(2) is limited only where Congress does so expressly.  Our decisions in Millsap v. Commissioner, supra, and Healer v. Commissioner, supra, dealt with situations where Congress did not impose any specific limitation on section 6020(b)(2) with respect to the Code sections involved, and we are not prepared to say that those cases were incorrectly decided.

Further, we might add that Congress impliedly recognized that section 6020(b)(2) has limited application when it enacted section 6651(g)(2):  Section 6651(g)(2) treats a section 6020(b) return as a return of the taxpayer for purposes of section 6651(a)(2) and (3).  Petitioner, however, argues that section 6651(a)(2) is an example of a provision that is so "narrowly drawn" that the term "return" can only be interpreted to refer to a return filed by the taxpayer.  Despite petitioner's

contentions, section 6651(a)(2) is no more "narrowly drawn" than section 6211(a), upon which petitioner relies. Indeed, section 6651(a)(2) refers to "the amount shown as tax on any return", whereas section 6211(a) refers to a return made by the taxpayer.

Petitioner also argues that a section 6020(b) return is "prima facie good and sufficient" to furnish a basis for assessing the tax liabilties stated thereon and that under section 6201(a)(1), "a tax shown upon a return made by Respondent is to be treated in the same manner as is a tax shown upon a return filed by a taxpayer." Petitioner reads section 6201(a)(1) to state that "If Respondent has determined a tax, and has disclosed the tax on a return by him, then Respondent is required to assess the tax so determined and so disclosed without resort to deficiency procedures." We have previously rejected this same argument in Millsap v. Commissioner, supra.

In Millsap v. Commissioner, supra, we rejected the notion that respondent could preempt our deficiency procedures by filing substitutes for return, stating:

> In their current form, the basic deficiency procedures are contained in sections 6211 through 6215. Respondent is not entitled, with few exceptions, to assess income tax until after the proper mailing of a notice of deficiency and, if petitioned, until the decision of this Court becomes final. Sec. 6213(a). Accordingly, the historical and traditional purpose of a return prepared and filed by the Commissioner would be suspended or would not take effect until the deficiency procedures are first completed. If the return respondent prepares under section 6020(b) authority is literally treated as "prima facie good and

sufficient for all legal purposes," respondent could ignore the deficiency procedures. This is because the return is a consent to assessment of tax in our tax system. See sec. 6201(a)(1) and sec. 1.6201-1(a)(1), Income Tax Regs. Congress has recognized that literal application of section 6020(b) may create anomalous results and has provided some explicit safeguards: The "execution of a return by the [respondent] pursuant to [section 6020(b)] shall not start the running of the period of limitations on assessment and collection." Sec. 6501(b)(3). * * * [Id. at 931-932; fn. ref. omitted.]

We concluded that "the substitute return should in no way preclude a taxpayer's statutory right to a hearing on the deficiency and the elements that comprise it."[6] Id. at 936.

Section 6201(a)(1) provides that "The Secretary shall assess all taxes determined by the taxpayer or by the Secretary as to which returns or lists are made under this title." Although section 6201(a)(1) does not appear to distinguish between the obligations to assess a tax with respect to a return filed by the taxpayer and a return filed by the Commissioner, Congress surely

---

[6]Petitioner argues that in Millsap v. Commissioner, 91 T.C. 926 (1988), the taxpayer did not raise, and this Court did not address, whether the Commissioner could assess an income tax in a case involving a sec. 6020(b) return without going through the deficiency procedures. However, in the headnote to that opinion, we stated: "P contends that R's preparation of a return under authority of sec. 6020(b) does not obviate P's statutory right to deficiency procedures, including our redetermination of R's determination of filing status." Id. at 926. And, we held that "the returns prepared by R do not obviate P's entitlement to deficiency procedures". Id.

did not intend to deny nonfilers a prepayment forum in all cases where a section 6020(b) return is filed.[7]

Nevertheless, petitioner suggests that nonfilers should be treated in the same manner as delinquent filers. Petitioner contends that delinquent filers who have shown an amount of tax on their return cannot contest their tax liabilities under the deficiency procedures, but they must instead "pay first and litigate later". On the other hand, if a section 6020(b) return is not good and sufficient for purposes of sections 6201(a)(1) and 6211(a), nonfilers will be entitled to the deficiency procedures. Petitioner contends that this creates an "absurd result", a disparity between delinquent filers and nonfilers that could not have been the intention of Congress. We disagree. There is a fundamental difference between a delinquent filer and a nonfiler. The delinquent filer has accepted the correctness of the amounts shown on his or her return, whereas the nonfiler has not accepted those amounts. With respect to the delinquent filer, section 6201(a)(1) authorizes the Secretary to assess

---

[7]See also Ruff v. Commissioner, T.C. Memo. 1990-521; Angstadt v. Commissioner, T.C. Memo. 1990-433; Browder v. Commissioner, T.C. Memo. 1990-408. In Ruff v. Commissioner, supra, we stated that "the Internal Revenue Service may prepare substitute returns for taxpayers who fail to do so themselves, section 6020(b)(1), but the substitute return does not preclude a taxpayer's statutory right to a hearing on the deficiency and the elements that comprise it."

against the taxpayer the tax liability shown on her own tax return that was signed under penalties of perjury.

In the instant case, respondent agrees that he must follow the deficiency procedures prior to assessment of an income tax liability stated on a section 6020(b) return, unless the taxpayer agrees to the correctness of the tax liability stated in such a return. See sec. 6020(a). Petitioner has not agreed to the correctness of the tax liabilities stated in the returns prepared by respondent, and she vigorously contests whether she has any income tax liabilities for the tax years at issue. We hold that respondent must follow the deficiency procedures with respect to tax liabilities stated in the section 6020(b) returns. We also hold that a section 6020(b) return is not a return under section 6211(a) and that there can be a "deficiency" within the meaning of that section, even though the tax liabilities stated on the section 6020(b) returns are equal to the deficiencies determined in the notice of deficiency.[8] We shall deny petitioner's motions

_____

[8]Petitioner has raised an additional argument with respect to her 1995 tax year. Pursuant to sec. 301.6211-1(a), Proced. & Admin. Regs., respondent determined that the amount shown on a return was zero and computed the deficiency for that year to be the full amount of petitioner's determined tax liability of $2,747. Sec. 301.6211-1(a), Proced. & Admin. Regs., provides in relevant part that "If no return is made * * * for the purpose of the definition 'the amount shown as the tax by the taxpayer upon his return' shall be considered as zero." Petitioner contends that this regulation does not implement sec. 6211 in a "reasonable manner". Petitioner relies on an amendment to the predecessor of sec. 6211 which removed language similar to the
(continued...)

for partial summary judgment.

An appropriate order will be issued denying the motions for partial summary judgment.

---

[8](...continued) relevant language contained in the regulation. See Individual Income Tax Act of 1944, ch. 210, sec. 14(a), 58 Stat. 245, 26 U.S.C. sec. 6211(a) (1994). We do not agree with petitioner that Congress intended to exclude from the definition of a "deficiency" taxes which are determined by respondent for a nonfiling taxpayer. If that were the case, respondent could preempt the deficiency procedures with respect to all nonfilers. We hold that sec. 301.6211-1(a), Proced. & Admin. Regs., is not an unreasonable interpretation of sec. 6211. See Laing v. United States, 423 U.S. 161, 174 (1976) (citing sec. 301.6211-1, Proced. & Admin. Regs., and stating that "Where there has been no tax return filed, the deficiency is the amount of tax due"); Schiff v. United States, 919 F.2d 830, 832 (2d Cir. 1990) ("when a taxpayer does not file a tax return, it is as if he filed a return showing a zero amount for purposes of assessing a deficiency").