123 T.C. No. 6

UNITED STATES TAX COURT

MICHAEL ZARKY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8549-03.               Filed July 20, 2004.

P did not file a Federal income tax return for
1999. Within 3 years of the due date of that return,
R mailed a notice of deficiency to P for 1999.
Following R's concession that P had no tax liability
but had a $270 overpayment for 1999, the parties
dispute whether P is entitled to that overpayment. The
$270 had been withheld from interest payments which
were made to P during 1999.

<u>Held</u>: Pursuant to the flush language of sec.
6512(b), I.R.C., which was added to the Code by the
Taxpayer Relief Act of 1997, Pub. L. 105-34, sec.
1282(a) and (b), 111 Stat. 1037, effective for taxable
years ended after Aug. 5, 1997, and sec. 6513(b)(1),
I.R.C., which treats P as having paid the $270 to R on
Apr. 15, 2000, P is entitled to the $270 overpayment.

Michael Zarky, pro se.

John D. Faucher, for respondent.

LARO, Judge:  Petitioner petitioned the Court to redetermine respondent's determinations as to petitioner's 1999 taxable year. Respondent determined that petitioner is liable for a $63,066 deficiency and additions thereto of $14,129.10, $9,105.42, and $3,014.25 under sections 6651(a)(1) and (2) and 6654(a), respectively.[1]  Petitioner asserted in his petition that he is entitled to a $270 overpayment.

Following respondent's concession that petitioner overpaid his 1999 Federal income tax by $270, we are left to decide whether petitioner is entitled to that overpayment.  We hold he is.

### FINDINGS OF FACT

The parties have filed with the Court certain stipulations of fact and an exhibit related thereto.  We incorporate herein the stipulated facts and exhibit and find the stipulated facts accordingly.  Petitioner resided in Moorpark, California, when his petition was filed.

---

[1] Unless otherwise indicated, section references are to the applicable versions of the Internal Revenue Code.

Petitioner did not file a 1999 Federal income tax return. His taxable income for that year totaled $874, all from interest earned on his savings accounts. The payors of that interest notified respondent that they had paid this interest to petitioner as income and that they had withheld $270 of it as Federal income tax. Respondent was also notified by a brokerage firm that petitioner had during 1999 received $212,029 from brokerage sales.

Respondent determined in the relevant notice of deficiency mailed to petitioner on February 27, 2003, that petitioner's 1999 gross income included both the $212,029 and the $874. Respondent has since conceded that none of the $212,029 was so includable and that petitioner has overpaid his 1999 Federal income tax by the withheld amount of $270.

                              OPINION

Petitioner seeks the $270 that he overpaid for 1999. Respondent argues that petitioner is not entitled to that amount because, respondent states, none of it was paid within the 2-year period of section 6511(a).

We conclude that petitioner is entitled to the $270 overpayment. Section 6512(b)(1) empowers this Court to determine the existence and amount of any overpayment of tax to be refunded for a year before us. Under section 6512(b)(3)(B), however, we may not award a refund in a case such as this unless we determine

that the refunded amount was paid "within the period which would be applicable under section 6511(b)(2) * * *, if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment".

For taxable years ended before August 6, 1997, the period of section 6511(b)(2) that was applicable in a case such as this was the 2-year period of section 6511(b)(2)(B). Commissioner v. Lundy, 516 U.S. 235 (1996); see also Healer v. Commissioner, 115 T.C. 316 (2000). For taxable years ended after August 5, 1997, however, the Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 1282(a) and (b), 111 Stat. 1037, added to section 6512(b) flush language that in certain cases lengthened this 2-year period. That language provides that the applicable period under section 6511(a) and (b)(2) is 3 years "In a case described in subparagraph (B) [of section 6512(b)(3)] where the date of the mailing of the notice of deficiency is during the third year after the due date (with extensions) for filing the return of tax and no return was filed before such date".[2] Thus, in a case of a taxpayer such as petitioner who as of the date of the mailing of a notice of deficiency had not filed a Federal income tax return for a taxable year ended after August 5, 1997, but who has

---

[2] We are unaware of any case in which a Court has applied the 3-year rule described in this flush language.

petitioned this Court seeking an overpayment for that year, section 6512(b) allows the taxpayer to receive that overpayment to the extent that it relates to amounts paid within 3 years of the notice of deficiency.  See also H. Conf. Rept. 105-220, at 701 (1997), 1997-4 C.B. (Vol. 2) 1457, 2171:

>     The House bill permits taxpayers who initially fail to file a return, but who receive a notice of deficiency and file suit to contest it in Tax Court during the third year after the return due date, to obtain a refund of excessive amounts paid within the 3-year period prior to the date of the deficiency notice.

Pursuant to section 6513(b)(1), the $270 that was withheld from petitioner's interest income was considered paid to the Commissioner by petitioner on April 15, 2000.  Accordingly, in order for petitioner to prevail as to his 1999 overpayment, (1) the relevant notice of deficiency must have been mailed to him during the third year after the due date of his 1999 return and (2) he must have paid the $270 within 3 years of the mailing of the notice of deficiency.  Given that the notice of deficiency was in fact mailed within the applicable period and that petitioner was considered during the applicable period to have paid the $270 to the Commissioner, we hold that petitioner is entitled to the $270 overpayment.

All of the parties' arguments have been considered, and those arguments not discussed herein have been found to be without merit.  Accordingly,

Decision will be entered

stating that there is no deficiency

or addition to tax due from

petitioner and that there is a $270

overpayment due to petitioner for

1999.