T.C. Summary Opinion 2007-81

UNITED STATES TAX COURT

PATRICK T. MCGUINNESS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19382-05S.                    Filed May 24, 2007.

Patrick T. McGuinness, pro se.

Laura A. Price, for respondent.

ARMEN, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.[1]  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

_____

    [1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code, as amended, and all
Rule references are to the Tax Court Rules of Practice and
Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

This matter is before the Court on respondent's Motion To Dismiss For Lack Of Jurisdiction, filed February 23, 2007. A hearing on respondent's motion was held in Jacksonville, Florida, on March 19, 2007. Thereafter, at the Court's direction, respondent filed a Supplement to his motion on April 12, 2007, and petitioner filed a Notice Of Objection on April 20, 2007.

In his motion, respondent's moves to "dismiss this case for lack of jurisdiction under I.R.C. §§ 6512(b)(3)(B) and 6511(b)(2) because petitioner's claim for refund of an overpayment of income taxes for tax year 2001 was filed more than three years after petitioner paid such income taxes." For reasons discussed hereinafter, we shall recharacterize respondent's motion as one for summary judgment, and, as recharacterized, we shall grant it.

## Background

At the time that the petition was filed, Patrick T. McGuinness (petitioner) resided in Jacksonville, Florida.

For 2001, the taxable year in issue, petitioner did not file a request for an extension of time for filing a return, see sec. 6081(a), nor did petitioner timely file a return, see sec. 6072(a).

During the period of petitioner's delinquency, respondent prepared a substitute for return under section 6020(b).[2] Thereafter, on August 22, 2005, respondent sent petitioner a notice of deficiency.  In the notice, respondent determined a deficiency in petitioner's Federal income tax for 2001 of $25,876, together with additions to tax under section 6651(a)(1) for failure to file of $1,624.72, under section 6651(a)(2) for failure to pay of $1,371.99, and under section 6654(a) for failure to pay estimated tax of $203.71.  Respondent's deficiency determination was principally attributable to petitioner's failure to report wages in the amount of $101,128.[3]

On October 17, 2005, petitioner filed a petition with the Court for redetermination of deficiency.  In the petition, petitioner contested respondent's determinations; petitioner also claimed that he had overpaid his income tax and was entitled to a refund in the amount of $1,354.

---

[2]  The date that the substitute for return was prepared is unclear in the record.  A transcript of account (Form 4340) indicates that the substitute for return was prepared in the month of May 2004; in contrast, the "IRC Section 6020(b) ASFR Certification" is dated May 30, 2005.  However, the date that the substitute for return was prepared is of no moment.  See Healer v. Commissioner, 115 T.C. 316, 321-324 (2000) discussed infra.

[3]  In the notice, respondent credited petitioner for the amount withheld from his wages ($18,655) insofar as petitioner's ultimate tax liability is concerned.  However, we note that the determination of a statutory deficiency does not take such withheld amount into account.  See sec. 6211(b)(1).

On November 21, 2005, respondent's Appeals Office in Jacksonville, Florida, received petitioner's 2001 return for filing. The return, which is a joint return by petitioner and his wife, includes the couple's income (specifically including petitioner's wages as determined by respondent in the August 22, 2005 notice of deficiency), deductions, credits, and payments. In sum, the return reported a tax liability of $21,229 and claimed Federal income tax withheld of $22,583, thereby resulting in an overpayment (and a request for refund) of $1,354.[4]

Respondent accepted petitioner's return as filed and, on January 2, 2006, assessed "additional" tax against petitioner and his spouse in the amount of $21,229; i.e., the amount reported on the delinquently filed return. However, respondent did not refund or credit the $1,354 overpayment; rather, respondent transferred the overpayment into an excess collections account on the ground that the statute of limitations barred refund or credit.

## Discussion

### Deficiency Jurisdiction

In an action for the redetermination of a deficiency, the Court's jurisdiction under section 6213(a) depends on (1) the issuance by the Commissioner of a valid notice of deficiency to

_____

[4] The return was prepared by a C.P.A. affiliated with an accounting firm.

the taxpayer and (2) the timely filing of a petition by the taxpayer.[5]  Secs. 6212, 6213, 7502; Rule 13(a), (c); <u>Frieling v. Commissioner</u>, 81 T.C. 42, 46 (1983).  In the present case, respondent sent petitioner a valid notice of deficiency on August 22, 2005, and petitioner timely filed a petition for redetermination on October 17, 2005.  Thus, the jurisdictional prerequisites are satisfied, and the Court has jurisdiction in this deficiency proceeding.

Recharacterization of Respondent's Motion

In view of the filing of petitioner's delinquent return and respondent's acceptance thereof, as well as the assessment of the tax reported on that return, respondent concedes that there is no deficiency in income tax nor any addition to tax due from petitioner for 2001.  However, respondent contends that refund or credit of the $1,354 overpayment is barred by the statute of limitations.

Because this is an action for the redetermination of a deficiency over which we have jurisdiction, we have pendant jurisdiction to determine the amount of any overpayment.  Sec. 6512(b)(1).  In so doing, we necessarily consider whether refund

---

[5]  The validity of a notice of deficiency does not turn on the substantive merits of the Commissioner's determination; i.e., the correctness of that determination.  Rather, validity contemplates that the Commissioner did, in fact, make a determination in a notice of deficiency that is mailed to the taxpayer at the taxpayer's last known address.

or credit may be barred by the statute of limitations.  Cf. sec. 7459(e).  Because the statute of limitations constitutes an avoidance or a defense, see <u>Day v. McDonough</u>, 547 U.S. 198, ___, 126 S.Ct. 1675, 1681 (2006) ("A statute of limitations defense * * * is not 'jurisdictional'"); see also <u>Kontrick v. Ryan</u>, 540 U.S. 443 (2004), we shall recharacterize respondent's Motion To Dismiss For Lack Of Jurisdiction as a motion for summary judgment and proceed accordingly.

<u>Allowance of Refund or Credit</u>

As previously stated, section 6512(b)(1) authorizes us to determine the amount of the overpayment of tax for 2001 that is to be refunded or credited to petitioner.  However, section 6512(b)(3) imposes a limit on the amount of any overpayment that may be credited or refunded.  As relevant herein, section 6512(b)(3) provides as follows:

> SEC. 6512(b). Overpayment Determined by Tax Court.--
>
>      *      *      *      *      *      *      *
>
>     (3) Limit on amount of credit or refund.--No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid–
>
>      *      *      *      *      *      *      *
>
>         (B) within the period which would be applicable under section 6511(b)(2) * * *, if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment * * *

Section 6511(b)(2) is entitled "Limit On Amount Of Credit Or Refund". In a case such as the present one, where the date of the mailing of the notice of deficiency (August 22, 2005) is beyond the third year after the due date for filing the 2001 return (April 15, 2002) and no return was filed by the taxpayer before that date (i.e., August 22, 2005), section 6511(b)(2)(B) applies to limit the amount of any refund or credit that may be made or allowed. See Commissioner v. Lundy, 516 U.S. 235 (1996); Healer v. Commissioner, 115 T.C. 316, 319-320 (2000); cf. sec. 6512(b)(3), flush language; Zarky v. Commissioner, 123 T.C. 132 (2004). Section 6511(b)(2)(B) provides that "the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim." Therefore, because petitioner's claim for refund is deemed to have been filed on August 22, 2005, see sec. 6512(b)(3)(B), then only tax paid during the immediately-preceding 2-year period may be refunded (or credited).

In the present case, petitioner paid no income tax other than through withholding on his wages. Income tax withheld by a taxpayer's employer is deemed to have been paid by the taxpayer on April 15 of the year immediately following the calendar year for which the tax was withheld. Sec. 6513(b)(1). Therefore, petitioner is deemed to have paid the tax for which he seeks a refund on April 15, 2002. But, because petitioner did not pay any income tax during the 2 years immediately preceding August

22, 2005, the date of his deemed claim, petitioner is not entitled to a refund (or a credit) of his 2001 overpayment.  Sec. 6511(b)(2)(B).

Petitioner contends that the substitute for return under section 6020(b) should be "counted" as his return.  However, this Court has expressly held that a substitute for return prepared by the Commissioner pursuant to section 6020(b) does not constitute a return filed by the taxpayer for purposes of section 6511. Healer v. Commissioner, supra at 321-324.

Petitioner also contends that his delinquency was caused principally by his confusion regarding how a $5,000 option payment on a movie contract should be reported.  Although we are well aware of the intricacies of the Internal Revenue Code, the fact remains that, at the very least, petitioner could have timely filed his return and amended it later when he had resolved the reporting matter, particularly given that the option payment was less than 5 percent of his total income.[6]

Finally, petitioner contends that it would be unfair, particularly in view of respondent's acceptance of his delinquent return and complete concession of the deficiency and additions to tax, to bar payment of his refund.  Suffice it to say that the United States Supreme Court has clearly instructed that limitations on allowance of refunds and credits prescribed by

---

[6] We recall that petitioner's return was prepared by a C.P.A. affiliated with an accounting firm.

sections 6511 and 6512 shall be given effect, consistent with congressional intent, without regard to an individual's perceived notion of fairness.  <u>Commissioner v. Lundy</u>, <u>supra</u>.

To give effect to our disposition of the disputed matter, as well as respondent's concessions,

<u>An order granting respondent's motion, as recharacterized, and decision will be entered deciding that there is no deficiency nor any addition to tax due from, nor overpayment due to, petitioner for the taxable year 2001.</u>