T.C. Memo. 2021-99

UNITED STATES TAX COURT

AMR M. MOHSEN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7821-19L.                    Filed August 11, 2021.

Amr M. Mohsen, pro se.

Daniel Z. Nettles and Thomas R. Mackinson, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, Judge:  This case was commenced in response to a Notice of
Determination Concerning Collection Actions under IRC Sections 6320 and/or
6330 (notice of determination) with respect to petitioner's income tax for 2004.
The issues for consideration are whether the Court has jurisdiction to consider
petitioner's entitlement to an overpayment for a nondetermination year and

[*2] whether petitioner's unpaid tax liability for 2004 can be offset by a time-barred credit.[1]

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times. We round all monetary amounts to the nearest dollar.

FINDINGS OF FACT

On April 15, 2002, petitioner mailed respondent a Form 4868, Application for Automatic Extension of Time To File U.S. Individual Income Tax Return, for 2001. Petitioner attached to his Form 4868 a $43,000 check. Respondent applied this amount to pay petitioner's tax liability for 2001, and the remainder was sent to excess collection.

On or about August 25, 2003, respondent prepared a substitute for return on behalf of petitioner for 2001. On October 29, 2015, petitioner untimely filed his Form 1040, U.S. Individual Income Tax Return, for 2001. On the same day petitioner also filed a claim for refund of an overpayment of $49,064 for 2001. On March 3, 2016, respondent sent petitioner a letter denying this claim.

---

[1]Petitioner no longer argues that there was an abuse of discretion by respondent when determining to place petitioner's unpaid tax liability for 2004 in currently not collectible status.

[*3]   On November 17, 2015, petitioner untimely filed Form 1040 for 2004.  He reported $10,257 in tax due.  On February 15, 2016, respondent assessed an addition to tax for failure to pre-pay tax of $294 and an addition to tax for failure to timely file of $2,564.

In February 2017 petitioner filed Forms 1040X, Amended U.S. Individual Income Tax Return, for 2001 and 2004.  In a memorandum attached to the returns petitioner asserted that the $43,000 remittance attached to his Form 4868 in 2002 had been intended as a deposit in the nature of a cash bond.  On his Form 1040X for 2001 petitioner edited the description for line 16 to read "Total amount paid with Deposit", instead of "Total amount paid with request for extension of time to file, tax paid with original return, and additional tax paid after return was filed".  He entered $43,000 on line 16.  He requested that $32,743 of this amount be refunded and the remaining $10,257 applied against his 2004 liability.  Petitioner also attached a photocopy of the $43,000 check.  The check has a blank memo line and does not have anything written on it to indicate that it was intended as a deposit.  Respondent did not grant petitioner's request to treat the $43,000 remittance as a deposit.

On July 17, 2017, respondent sent petitioner a Notice CP90, Intent to Seize Your Assets and Notice of Your Right to a Hearing.  On August 1, 2017,

[*4] respondent received from petitioner Form 12153, Request for a Collection Due Process or Equivalent Hearing. Petitioner did not request a collection alternative. Rather, he contended that he did not owe the taxes, penalties and interest due.

On October 31, 2017, petitioner participated in a collection due process (CDP) hearing by phone with a settlement officer. During the CDP hearing, petitioner contended that the $43,000 remittance should be applied against his unpaid tax liability for 2004 and the remainder refunded to him. Petitioner claimed that the check had been intended as a deposit in the nature of a cash bond, offering as evidence a photocopy of a handwritten note dated April 15, 2002, which he claimed had been mailed with the $43,000 check. The settlement officer noted that respondent's records indicated that the remittance had instead been a voluntary payment of tax, and he requested that petitioner submit further documentation in support of his assertion by December 29, 2017.

On December 4, 2017, petitioner sent the settlement officer a letter stating that he had been unable to retrieve documentation from the accountant who had prepared his tax return for 2001, as the accountant had died. Petitioner did not submit further documentation, and the settlement officer did not find evidence in the administrative file to support petitioner's assertion that the $43,000 payment of

[*5] tax made towards petitioner's 2001 tax liability was a deposit in the nature of a cash bond.

The settlement officer verified respondent's assessment. On April 11, 2019, respondent issued petitioner a notice of determination for 2004. Respondent placed petitioner's unpaid Federal income tax liability for 2004 in currently not collectible status.

Petitioner resided in California when he timely filed his petition. He disputes respondent's denial of his request that the $43,000 remittance be applied against his unpaid Federal income tax liability for 2004 and the remainder be refunded.

OPINION

Standard of Review

Section 6331(a) authorizes the Secretary to levy upon the property and property rights of a taxpayer who fails to pay a tax within 10 days after notice and demand. Before the Secretary may levy upon the taxpayer's property, the Secretary must notify the taxpayer of the Secretary's intention to levy. Sec. 6331(d)(1). The Secretary must also notify the taxpayer of his or her right to a CDP hearing. Sec. 6330(a)(1).

**[*6]** If the taxpayer requests a CDP hearing, the hearing is conducted by the Appeals Office. Sec. 6330(b)(1). At the hearing the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed collection action. Sec. 6330(c)(2)(A). Once the settlement officer makes a determination, the taxpayer may appeal the determination to this Court. Sec. 6330(d)(1).

Section 6330(d)(1) provides this Court with jurisdiction to review an appeal from the Commissioner's determination to proceed with collection activity regardless of the type of underlying tax involved. Where the validity of the underlying tax liability is properly in issue, we review that matter de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). A taxpayer may challenge the underlying tax liability during a CDP hearing if he or she did not receive a statutory notice of deficiency for such liability or did not otherwise have the opportunity to dispute such liability. Sec. 6330(c)(2)(B); see also Montgomery v. Commissioner, 122 T.C. 1, 9-10 (2004). The Court reviews administrative determinations by the Appeals Office regarding nonliability issues for abuse of discretion. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008), supplemented by 136 T.C. 463 (2011); Goza v. Commissioner, 114 T.C. at 182.

**[*7]** Following the CDP hearing the settlement officer must determine whether proceeding with the proposed collection action is appropriate. In making that determination the settlement officer is required to take into consideration: (1) whether the requirements of any applicable law or administrative procedure have been met; (2) any relevant issues raised by the taxpayer; and (3) whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that the collection action be no more intrusive than necessary. Sec. 6330(c)(3); see also Lunsford v. Commissioner, 117 T.C. 183, 184 (2001).

This Court may review the settlement officer's verification under section 6330(c)(1) without regard to whether the taxpayer raised it at the CDP hearing. Secs. 6320(c), 6330(c)(1), (3)(A); see also Hoyle v. Commissioner, 131 T.C. at 202-203. A settlement officer is required to base the notice of determination, in part, on the verification obtained under section 6330(c)(1) by ensuring that all legal requirements have been followed. Hoyle v. Commissioner, 131 T.C. at 201-202; see also sec. 6330(c)(3). The section 6330(c)(1) verification is required for every determination. Hoyle v. Commissioner, 131 T.C. at 202-203.

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent provided by Congress. See sec. 7442. Our

**[\*8]** jurisdiction in CDP cases generally does not permit us to consider matters regarding years that are not the subject of the collection action before us.  We may, however, consider facts and issues from other years to the extent they "are relevant in evaluating a claim that an unpaid tax has been paid." Freije v. Commissioner, 125 T.C. 14, 27 (2005).  An available credit from another year is a fact that may affect the taxpayer's correct liability for the year that is the subject of the collection action.  Weber v. Commissioner, 138 T.C. 348, 371-372 (2012).

Petitioner contends that he is entitled to have his overpayment from 2001 applied against his liability for 2004.  Our precedent is not certain on whether a de novo or abuse of discretion standard applies in the situation of applying an overpayment against another tax liability.  Swanberg v. Commissioner, T.C. Memo. 2020-123, at \*7-\*8.  Because we would sustain the settlement officer's resolution of this issue under either standard of review, we need not decide which standard is applicable.  See Dixon v. Commissioner, 141 T.C. 173, 184 & n.6 (2013); Swanberg v. Commissioner, at \*8.

Scope of Review

Absent a stipulation to the contrary, an appeal in this case would normally lie with the U.S. Court of Appeals for the Ninth Circuit.  See sec. 7482(b)(1)(G)(i). Under Ninth Circuit precedent the scope of our review is generally limited to the

[*9] administrative record. See Keller v. Commissioner, 568 F.3d 710, 718 (9th Cir. 2009) (adopting Robinette v. Commissioner, 439 F.3d 455, 459-460 (8th Cir. 2006), rev'g 123 T.C. 85 (2004)), aff'g in part as to this issue T.C. Memo. 2006-166, and aff'g in part, vacating in part decisions in related cases. Section 301.6330-1(f)(2), Q&A-F4, Proced. & Admin. Regs., defines the administrative record as Appeals' case file, including "any * * * documents or materials relied upon by the Appeals officer * * * in making the determination under section 6330(c)(3)".

At trial petitioner offered, as Exhibit 513-P, a collection of canceled checks and bank statements. We do not need to decide whether the canceled checks are admitted into evidence because we conclude subsequently that we do not have jurisdiction.

Analysis

The Court has jurisdiction to consider whether a credit available from a nondetermination year should be applied against a taxpayer's liability for the year before the Court only if the credit "indisputably exists". Del-Co W. v. Commissioner, T.C. Memo. 2015-142, at *6. The mere claim of a credit "is not an 'available credit'", and such a claim "need not be resolved before the IRS can proceed with collection of the liability at issue." Weber v. Commissioner, 138

[*10] T.C. at 372. When it has not already been determined that a credit is available, the Court lacks jurisdiction to "make 'available' a credit that is currently not available because the IRS has disallowed it." Id. at 368.

At the time of petitioner's CDP hearing, on October 31, 2017, respondent had already denied his refund claim on several occasions. Petitioner has a mere claim of an overpayment for 2001. Accordingly, we lack jurisdiction to decide his claim for refund for a year that is not before us. See id. at 369.

Even if we had jurisdiction, petitioner would not be entitled to a refund because he has failed to meet the threshold requirements for claiming a refund. Petitioner contends that his remittance of $43,000 in 2002 was a deposit in the nature of a cash bond. While section 6511 sets a period of limitation on claims for credit or refund of overpayments of tax, this period of limitation does not apply to a deposit in the nature of a cash bond. Rev. Proc. 84-58, 1984-2 C.B. 501, which has been superseded but was in effect for the year when petitioner mailed the check, states that a taxpayer may request the return of all or part of a deposit at any time before the Service is entitled to assess the tax. According to petitioner's argument his refund claim was thus timely, and his remittance of $43,000 would be an available credit to apply towards his 2004 tax liability.

[*11] Petitioner submitted the $43,000 check attached to a Form 4868. His remittance was a payment of tax and not a deposit in the nature of a cash bond. See Ott v. United States, 141 F.3d 1306, 1309-1310 (9th Cir. 1998). Accordingly, the period of limitation under section 6511 applies.

Section 6511(a) requires that a claim for credit or refund of an overpayment of any tax in respect of which the taxpayer is required to file a return be filed within three years from the time the return was filed or two years from the time the tax was paid, whichever period expires later, or if no return was filed by the taxpayer, within two years from the time the tax was paid. The three-year period of limitation is not triggered until the taxpayer files a return. A substitute for return (SFR) prepared by the Commissioner pursuant to section 6020(b)(1) does not constitute a return filed by the taxpayer for purposes of section 6511. Healer v. Commissioner, 115 T.C. 316, 322 (2000).

Section 6511(b) provides lookback periods limiting the amount of credit or refund allowed. If a claim is filed within three years of filing the return, then the taxpayer is entitled to a refund of taxes paid within the three years immediately preceding the filing of the claim, plus any extension of time for filing the return. Sec. 6511(b)(2)(A). If the claim is not filed within three years of filing the return,

[*12] the taxpayer is entitled to a refund of only those taxes paid during the two years immediately preceding the filing of the claim. Sec. 6511(b)(2)(B).

Petitioner filed his 2001 return on October 29, 2015. The SFR prepared by respondent on or about August 25, 2003, does not constitute a return for purposes of section 6511. See Healer v. Commissioner, 115 T.C. at 322. Under section 6511(a) the applicable period of limitation for filing a claim would be the three years from the time petitioner filed his return, as this period would expire later than the two years from the time the payment was made in 2002. The three-year period of limitation for filing a claim was triggered when petitioner filed his 2001 return on October 29, 2015.

Petitioner filed a claim for refund for 2001 on October 29, 2015. This was the same day that he filed his 2001 return and within the three-year period of limitation. Petitioner again requested a refund when he filed his amended 2001 return in February 2017, which was also within the three-year period of limitation. Respondent denied both claims.

The relevant lookback periods for petitioner's claims for refund are the three years preceding October 29, 2015, and the three years preceding February 2017. See sec. 6511(b)(2)(A). Petitioner did not make any payments with respect to 2001 within either of these periods of three years. The last payment petitioner

[*13] made was the $43,000 check that he mailed on April 15, 2002, well outside either three-year lookback period.

Conclusion

We conclude the settlement officer did not abuse his discretion. The settlement officer (1) properly verified that requirements of any applicable law or administrative procedure have been met, (2) considered any relevant issues petitioner raised, and (3) considered whether the proposed collection action balances the need for the efficient collection of taxes with petitioner's legitimate concern that the collection action be no more intrusive than necessary. See sec. 6330(c)(3).

We have considered all other arguments made and facts presented in reaching our decision, and to the extent not discussed above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for respondent.