T.C. Memo. 2010-63

UNITED STATES TAX COURT

MICHELE PETTY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27921-08.              Filed March 30, 2010.

Michele Petty, pro se.

<u>Brooke S. Laurie</u>, for respondent.


MEMORANDUM OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of
$145,017 in petitioner's 2004 Federal income tax as well as
additions to tax under sections 6651(a)(1) and (2) and 6654(a).
After concessions, the issue for decision is whether petitioner
is entitled to an overpayment credit or refund.

All section references are to the Internal Revenue Code for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

This case was submitted fully stipulated under Rule 122, and the stipulated facts are incorporated as our findings by this reference. Petitioner resided in Texas at the time the petition was filed.

On April 16 and July 19, 2004, petitioner made estimated tax payments of $5,000 and $15,000, respectively, towards her 2004 Federal income tax liability. On January 17, 2005, petitioner made an estimated tax payment of $25,000 towards her 2004 Federal income tax liability. Petitioner is also entitled to a $14 withholding credit for 2004.

On April 15, 2005, petitioner timely filed an application for an extension of time to file a return for 2004, extending the due date for her 2004 Federal income tax return to August 15, 2005. Petitioner failed to file timely her Form 1040, U.S. Individual Income Tax Return, for 2004, and did not file her Form 1040 for 2004 before the Internal Revenue Service (IRS) sent her a notice of deficiency on August 11, 2008. The IRS first received petitioner's Form 1040 for 2004 on November 7, 2008. On November 17, 2008, petitioner filed a petition with this Court. Respondent now concedes that petitioner's proper Federal income

tax liability for 2004 was $21,444 and that petitioner's payments and withholding credits towards her 2004 tax liability total $45,014. Respondent also concedes that no additions to tax are due.

## Discussion

Petitioner seeks a refund for the $23,570 she overpaid for her 2004 Federal income tax. Respondent argues that petitioner is not entitled to a refund because none of the overpayment was paid within the 3-year period required under sections 6512(b)(3) and 6511(b)(2).

Under section 6512(b)(1), this Court has jurisdiction to determine the existence and amount of any overpayment of tax to be refunded for a year before us, subject only to the look-back period in sections 6512(b)(3) and 6511. See Commissioner v. Lundy, 516 U.S. 235, 240 (1996) ("[T]he restrictions governing the Tax Court's authority to award a refund of overpaid taxes incorporate only the look-back period and not the filing deadline from section 6511."); Krape v. Commissioner, T.C. Memo. 2007-125. Section 6512(b)(3) provides:

SEC. 6512(b). Overpayment Determined by Tax Court.--

\*　　\*　　\*　　\*　　\*　　\*　　\*

(3) Limit on Amount of Credit or Refund.--No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid–

(A) after the mailing of the notice of deficiency,

(B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or

(C) within the period which would be applicable under section 6511(b)(2), (c), or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency–

\*       \*       \*       \*       \*       \*       \*

In a case described in subparagraph (B) where the date of the mailing of the notice of deficiency is during the third year after the due date (with extensions) for filing the return of tax and no return was filed before such date, the applicable period under subsections (a) and (b)(2) of section 6511 shall be 3 years.

Section 6512(b)(3)(A) is not relevant because petitioner did not make any payments for her 2004 Federal income tax after the notice of deficiency was mailed.  Section 6512(b)(3)(C) is not relevant because petitioner did not file a claim for a refund before the date of the mailing of the notice of deficiency.  Thus to determine the amount to be refunded, we must decide the amount that qualifies under section 6512(b)(3)(B).

To calculate the period during which an overpayment may be refunded under sections 6512(b)(3)(B) and 6511(b)(2), we utilize the date the notice of deficiency was mailed, August 11, 2008, as the date petitioner filed her claim for a refund.  See Zarky v.

<u>Commissioner</u>, 123 T.C. 132, 134-135 (2004).  The due date for filing petitioner's tax return was August 15, 2005.  Because the notice of deficiency was mailed in the third year after the due date (with extensions) for filing the tax return, the applicable period during which an overpayment may be refunded under sections 6512(b)(3)(B) and 6511(b)(2) is 3 years from the date of the claim for a refund.  See sec. 6512(b)(3) (flush language); <u>Zarky v. Commissioner</u>, <u>supra</u>.  Thus petitioner is entitled to a refund of any payments made within 3 years of August 11, 2008.  Petitioner bears the burden of proving that her overpayments are refundable.  See Rule 142; <u>Krape v. Commissioner</u>, <u>supra</u>; <u>Jackson v. Commissioner</u>, T.C. Memo. 2002-44.

Petitioner made a number of estimated tax payments towards her 2004 Federal income tax liability before April 2005.  Under section 6513(b)(2), "Any amount paid as estimated income tax for any taxable year shall be deemed to have been paid on the last day prescribed for filing the return under section 6012 for such taxable year (determined without regard to any extension of time for filing such return)."  The last day prescribed for filing a Federal income tax return under section 6012 for 2004 was Friday, April 15, 2005.  See sec. 6072(a).  Thus the estimated payments were deemed paid on April 15, 2005, which is not within 3 years of August 11, 2008.  The $14 withholding credit was also deemed paid on April 15, 2005.  See sec. 6513; <u>Baral v. United States</u>,

528 U.S. 431, 435-436 (2000).  As a matter of law, petitioner is not entitled to credit for an amount paid or deemed paid more than 3 years before a claim for a credit of that amount was filed.  It is unfortunate that petitioner loses the benefit of payments she made, but that is one of the consequences of failing to file timely a Federal income tax return.

We have considered petitioner's other arguments, and they are irrelevant to our decision.

For the reasons explained above,

<u>Decision will be entered that there is no deficiency or addition to tax due from petitioner, and no overpayment due to petitioner</u>.