BAR ASSOCIATION OF GREATER CLEVELAND *v.* STEELE.

[Cite as Bar Assn. v. Steele (1981), 65 Ohio St. 2d 1.]

(D.D. No. 80-11—Decided February 25, 1981.)

2

[REDACTED]

*Mr. James B. Davis, Mr. Robert L. Soltis* and *Mr. Albert P. Pickus,* for relator.

*Mr. Peter Onysko,* for respondent.

*Per Curiam.* Respondent's basic objection to the board's recommendation of permanent disbarment is that such disciplinary action should await final determination of his petition for a writ of habeas corpus, now pending in the United States District Court for the Northern District of Ohio. This habeas corpus petition raises constitutional issues of possible denial of respondent's Fifth and Sixth Amendment rights during his trial.

Gov. R. V (8)(c) provides, as follows:

"Any disciplinary proceeding instituted against an attorney based upon a conviction of an offense shall not be brought to hearing until all *appeals from the conviction* are concluded." (Emphasis added.)

The board complied with the foregoing rule by staying the instant proceeding until respondent's appeals were exhausted. A proceeding in habeas corpus is not an appeal from a criminal conviction; rather, it is a distinct collateral attack upon the petitioner's continued confinement.

"The writ of habeas corpus is the remedy which the law gives for the enforcement of the civil right of personal liberty.***[T]he judicial proceeding under it is not to inquire into the criminal act which is complained of, but into the right to liberty notwithstanding the act." *Ex parte Tom Tong* (1883), 108 U. S. 556, 559.*

---

* See, also, 39 American Jurisprudence 2d 184, Habeas Corpus, Section 10, which states: "It is the prevailing view that habeas corpus is, in its nature, a civil rather than a criminal proceeding, even when it is sought in behalf of one charged with, or convicted of, crime."

Respondent asserts that the merits of his habeas corpus petition require further deferment of this disciplinary process, because of the possibility that a federal court will overturn his conviction. We reject this contention. This court is not the forum respondent chose to determine the merits of his petition for habeas corpus. It is theoretically possible for respondent to repeatedly file habeas corpus petitions. There must be some finality to our disciplinary process.

Having reviewed the record in this proceeding, this court concurs in the board's findings of fact and recommendation and hereby permanently disbars respondent from the practice of law.

*Judgment accordingly.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.