**[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 397.]**

OFFICE OF DISCIPLINARY COUNSEL *v.* ROCKER.

[Cite as *Disciplinary Counsel v. Rocker*, 1999-Ohio-401.]

*Attorneys at law—Misconduct—Permanent disbarment—Conviction of aggravated murder.*

(No. 98-2687—Submitted February 10, 1999—Decided April 28, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-69.

_____

{¶ 1} On February 25, 1994, Sharon Rocker filed for divorce from respondent, Andrew Joseph Rocker of Cambridge, Ohio, Attorney Registration No. 0011981, who was at that time the city law director. On March 1, 1994, respondent killed his wife by shooting her in her head and chest five times at point-blank range with a .22 caliber gun. In 1994, respondent was convicted of aggravated murder and an accompanying firearm specification, and was sentenced to life in prison with parole eligibility after twenty years plus three years of actual incarceration. As a result of his conviction, we suspended respondent for an indefinite period. *In re Rocker* (1994), 70 Ohio St.3d 1463, 640 N.E.2d 186.

{¶ 2} In October 1994, relator, Office of Disciplinary Counsel, filed a complaint charging respondent with violations of Disciplinary Rules based on his misconduct. After respondent answered, the matter was stayed until after the court of appeals affirmed respondent's conviction and we dismissed his discretionary appeal. *State v. Rocker* (Aug. 20, 1996), Guernsey App. No. 94CA28, unreported, 1996 WL 490687; *State v. Rocker* (1997), 77 Ohio St.3d 1516, 674 N.E.2d 370. We then denied respondent's affidavit of resignation, and the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the

Supreme Court ("board"). *In re Resignation of Rocker* (1998), 82 Ohio St.3d 1420, 694 N.E.2d 467.

{¶ 3} The panel found the facts as previously set forth based on the evidence submitted by relator and a three-page statement provided by respondent. The panel concluded that respondent's conduct violated DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude) and 1-102(A)(6) (engaging in conduct that adversely reflects on his fitness to practice law). The panel found no mitigating evidence and recommended that respondent be disbarred. The board adopted the findings of fact, conclusions of law, and recommended sanction of the panel.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Kevin L. Williams*, Assistant Disciplinary Counsel, for relator.

*Andrew Joseph Rocker, pro se*.

_____

*Per Curiam.*

{¶ 4} We adopt the findings, conclusions, and recommendation of the board. "[P]ermanent disbarment is an appropriate sanction for conduct that violates DR 1-102 and results in a felony conviction." *Disciplinary Counsel v. Gallagher* (1998), 82 Ohio St.3d 51, 52, 693 N.E.2d 1078, 1079. In fact, permanent disbarment is the only appropriate sanction for an attorney convicted of murder. See, *e.g., Bar Assn. of Greater Cleveland v. Steele* (1981), 65 Ohio St.2d 1, 19 O.O.3d 120, 417 N.E.2d 104 (attorney convicted of first-degree murder of his wife disbarred); *Columbus Bar Assn. v. Riebel* (1990), 51 Ohio St.3d 106, 554 N.E.2d 1318 (attorney convicted of several crimes, including five counts of attempted murder with a deadly weapon, disbarred). Respondent is hereby permanently disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____