DISCIPLINARY COUNSEL *v.* WILLIAMS.

[Cite as *Disciplinary Counsel v. Williams,*

130 Ohio St.3d 341, 2011-Ohio-5163.]

*Attorneys—Misconduct—Two life sentences for child rape—Respondent is disbarred.*

(No. 2011-1015—Submitted August 8, 2011—Decided October 13, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-011.

_____

**Per Curiam**.

{¶ 1} Respondent, Joseph Norman Williams, who is currently incarcerated at the Mansfield Correctional Institution, Attorney Registration No. 0037392, was admitted to the practice of law in Ohio in 1986.

{¶ 2} We suspended Williams from the practice of law in December 2003 for failing to meet the continuing legal education ("CLE") requirements of Gov.Bar R. X, and in December 2005 for failing to comply with attorney-registration requirements. *In re Continuing Legal Edn. Suspension of Williams*, 100 Ohio St.3d 1516, 2003-Ohio-6494, 800 N.E.2d 34; *In re Atty. Registration Suspension of Williams*, 107 Ohio St.3d 1431, 2005-Ohio-6408, 838 N.E.2d 671. Those suspensions remain in effect.[1]

{¶ 3} On October 12, 2010, we imposed an interim felony suspension on Williams and referred the matter to Disciplinary Counsel for investigation and commencement of disciplinary proceedings. *In re Williams*, 126 Ohio St.3d

_____

1. Pursuant to Gov.Bar R. X(5)(C), however, a sanction imposed for failure to comply with the CLE requirements of Gov.Bar. R. X shall not be considered in the imposition of a sanction for attorney misconduct.

1594, 2010-Ohio-4938, 935 N.E.2d 42. As a result of that investigation, relator has filed a complaint alleging that Williams should be permanently disbarred from the practice of law in Ohio based upon his felony convictions for rape, for which he is currently serving concurrent life sentences.

{¶ 4} Although Williams responded to one of relator's letters of inquiry, maintaining that he was innocent of the crimes for which he was convicted, he has not filed an answer or otherwise participated in this disciplinary action. Relator moved for default pursuant to Gov.Bar R. V(6)(F). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline reviewed the evidence, made findings of misconduct and conclusions of law, and recommended that respondent be permanently disbarred from the practice of law in Ohio, all of which the board adopted. We adopt the board's report and permanently disbar respondent.

## Misconduct

{¶ 5} The evidence demonstrates that in June 2008, Williams was indicted on three counts of raping his seven-year-old nephew and one count of kidnapping him with a sexual motivation, all first-degree felonies. On December 30, 2008, judgment of conviction was entered on all charges. The kidnapping conviction, however, merged with the three rape convictions, for which Williams received concurrent life sentences. One of the rape convictions and its corresponding life sentence were later vacated on appeal. *State v. Williams*, Cuyahoga App. No. 92714, 2010-Ohio-70, ¶ 57.

{¶ 6} The master commissioner and board found that respondent's conduct violated DR 1-102(A)(3) (prohibiting a lawyer from engaging in illegal conduct involving moral turpitude) and 1-102(A)(6) (prohibiting a lawyer from

engaging in conduct that adversely reflects on the lawyer's fitness to practice law).[2]

{¶ 7}  We adopt these findings of fact and misconduct.

## Sanction

{¶ 8}  When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16.  In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").  *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 9}  The board found that at least four of the nine aggravating factors set forth in BCGD Proc.Reg. 10(B)(1) are present here, including a pattern of misconduct, multiple offenses, a refusal to acknowledge the wrongful nature of the conduct, and the vulnerability and resulting harm to the victim.  See BCGD Proc.Reg. 10(B)(1)(c), (d), (g), and (h).  We also find that respondent acted with a selfish motive and failed to cooperate in the disciplinary process.  See BCGD Proc.Reg. 10(B)(1)(b) and (e).  In contrast, the only mitigating factor found by the board is that other penalties have been imposed.  See BCGD Proc.Reg. 10(B)(2)(f).

{¶ 10} Relator seeks and the board recommends that Williams be permanently disbarred from the practice of law in Ohio.  "[P]ermanent disbarment is an appropriate sanction for conduct that violates DR 1-102 and results in a felony conviction." *Disciplinary Counsel v. Gallagher* (1998), 82 Ohio St.3d 51,

---

2.  Because respondent's conduct occurred before February 1, 2007, the effective date of the Rules of Professional Conduct, the Code of Professional Responsibility applies.

52, 693 N.E.2d 1078. Thus, we have permanently disbarred attorneys who have been convicted of other serious crimes involving moral turpitude, including reckless homicide, attempted murder, and murder. See *Disciplinary Counsel v. Zemba*, 97 Ohio St.3d 489, 2002-Ohio-6725, 780 N.E.2d 576 (disbarring attorney convicted of reckless homicide after a 17-month-old child died in her care); *Disciplinary Counsel v. Rocker* (1999), 85 Ohio St.3d 397, 709 N.E.2d 113 (disbarring attorney convicted of aggravated murder of his wife); *Columbus Bar Assn. v. Riebel* (1990), 51 Ohio St.3d 106, 554 N.E.2d 1318 (disbarring attorney convicted of several crimes, including five counts of attempted murder with a deadly weapon); *Bar Assn. of Greater Cleveland v. Steele* (1981), 65 Ohio St.2d 1, 19 O.O.3d 120, 417 N.E.2d 104 (disbarring an attorney convicted of first-degree murder of his wife).

{¶ 11} We have found that "permanent disbarment is the only appropriate sanction for an attorney convicted of murder." *Rocker*, 85 Ohio St.3d 397, 709 N.E.2d 113. Likewise, we conclude that permanent disbarment is the only appropriate sanction for an attorney convicted of raping a child.

{¶ 12} Accordingly, Joseph Norman Williams is permanently disbarred from the practice of law in Ohio.

{¶ 13} Costs are taxed to respondent.

Judgment accordingly.

O'C<small>ONNOR</small>, C.J., and P<small>FEIFER</small>, L<small>UNDBERG</small> S<small>TRATTON</small>, O'D<small>ONNELL</small>, L<small>ANZINGER</small>, C<small>UPP</small>, and M<small>C</small>G<small>EE</small> B<small>ROWN</small>, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Heather L. Hissom, Assistant Disciplinary Counsel, for relator.

_____