T.C. Summary Opinion 2016-25

UNITED STATES TAX COURT

DON STEPHEN MCAULIFFE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17215-08S.                          Filed May 26, 2016.

Don Stephen McAuliffe, pro se.

<u>Sean P. Deneault</u>, for respondent.

SUMMARY OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

---

[1]  Unless otherwise indicated, all subsequent section references are to the

<span style="float:right">(continued...)</span>

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined the following deficiency in, and additions to, petitioner's Federal income tax for 2003:

|  | Additions to Tax | | |
| --- | --- | --- | --- |
| Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| $18,774 | $1,489.05 | $1,522.14 | $135.90 |

At trial respondent conceded that petitioner overpaid his tax liability for 2003. After this and other concessions by respondent,[2] the issue for decision is whether refund or credit of the overpayment, the exact amount of which is contested by the parties, is barred by the statute of limitations. If refund or credit is barred, then entry of decision on the basis of respondent's concessions would be appropriate because the exact amount of the overpayment would be moot; on the

---

[1](...continued)
Internal Revenue Code in effect for 2003, the taxable year in issue.

[2] Respondent concedes a portion of the deficiency and now asserts that the amount of the deficiency remaining at issue is $10,291. In addition, respondent acknowledges that petitioner is entitled to withholding credits of $12,156 for 2003 and thus concedes the existence of an overpayment for that year of $1,865, i.e., $12,156 – $10,291. Finally, respondent concedes that petitioner is not liable for the additions to tax under secs. 6651(a)(1) and (2) and 6654(a) because of the overpayment in tax.

other hand, if refund or credit is not barred, then further proceedings would be required to determine the exact amount of the overpayment. Resolution of the limitations issue turns on whether petitioner filed a Federal income tax return for 2003 and if so, when.

## Background

Some of the facts have been stipulated, and they are so found. The Court incorporates by reference the parties' stipulation of facts and accompanying exhibits.

Petitioner was incarcerated at the Federal Correctional Institution in Morgantown, West Virginia, at the time that the petition was filed with the Court. Before his incarceration petitioner resided in the State of Ohio. After he was released petitioner moved to the State of Florida.

Petitioner's Conviction and Incarceration

Petitioner was admitted to the practice of law in Ohio in 1972 and became a judge of the Fairfield County Municipal Court in 1997.[3]

On April 23, 2003, when petitioner was serving as a municipal court judge, a Federal grand jury in Ohio indicted him on several Federal mail fraud and money

---

[3] Fairfield County is in central Ohio and lies to the southeast of Columbus, the State capital.

laundering offenses for burning down his house and seeking the insurance proceeds.[4] Petitioner was taken into custody no later than April 28, 2003, and was held without bail. After a nearly three-week jury trial, petitioner was found guilty in February 2004 on all of the offenses charged. Ultimately, in December 2005 petitioner was sentenced by the District Court to a total of 156 months of imprisonment.[5]

Petitioner appealed the judgment of conviction but was unsuccessful. United States v. McAuliffe, 490 F.3d 526 (6th Cir. 2007). Thereafter, having lost his direct appeal, petitioner sought to collaterally attack his conviction by filing a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. sec. 2255. Again, petitioner was unsuccessful. McAuliffe v. United States, 514 F. App'x 542 (6th Cir. 2013).

Petitioner also challenged his Federal conviction while resisting professional discipline by the State of Ohio. However, in 2009 the Supreme Court

---

[4] The indictment included six counts: two counts of mail fraud, in violation of 18 U.S.C. sec. 1341; one count of using fire to commit mail fraud, in violation of 18 U.S.C. sec. 844(h)(1); one count of conspiring to use fire to commit mail fraud, in violation of 18 U.S.C. sec. 844(m); and two counts of money laundering, in violation of 18 U.S.C. sec. 1957.

[5] Petitioner was also fined and ordered to pay restitution and to forfeit certain property.

of Ohio (1) overruled petitioner's objections to the report and recommendations of the Board of Commissioners on Grievances and Discipline, (2) concluded that petitioner's Federal crimes involved moral turpitude, and (3) permanently disbarred him from the practice of law in Ohio. Disciplinary Counsel v. McAuliffe, 903 N.E.2d 1209 (Ohio 2009).

Petitioner was in Federal custody from the time of his arrest in late April 2003 until he was released by the Bureau of Prisons in August 2014. During most of that period petitioner was housed at the Federal Correctional Institution in Morgantown, West Virginia.

Petitioner's Taxable (Calendar) Year 2003

During 2003 petitioner received gross income of about $80,000, consisting principally of compensation of $76,553.[6] Accordingly, petitioner was obliged to file an income tax return for 2003. See sec. 6012(a)(1)(A). However, respondent's records do not reflect that a return was timely filed.[7] As will be discussed infra, respondent's records also reflect that the Internal Revenue Service

---

[6] Respondent acknowledges that income tax of $12,156 was withheld from petitioner's compensation. Other than through withholding, petitioner paid no income tax.

[7] Respondent's records do reflect the timely filing of a request for an extension of time to file the 2003 return, see sec. 6081(a), with an extended due date of August 15, 2004.

received a Form 1040, U.S. Individual Income Tax Return, for 2003 in November 2008 while this case was pending before respondent's Appeals Office.

At trial petitioner testified as follows:

> After I was arrested, my tax affairs were handled by my attorney-in-fact, Craig Maxey, that I secured because I was in jail, and by Cindy Grimm. And so anything after April 28, [2003], my taxes were handled by them. And in fact, at that point in time my income taxes were the last thing I was thinking about. And I had absolutely no involvement in the taxes after the 28th of April [2003].

The record does not reveal who Craig Maxey was other than petitioner's so-called attorney-in-fact. Petitioner described Cynthia (Cindy) Grimm as a full-time parole officer and a part-time (seasonal) return preparer for H&R Block. It was Ms. Grimm who obtained the extension of time to file petitioner's 2003 return, see supra note 7, and it was she to whom Mr. Maxey provided petitioner's tax information.[8] Neither Ms. Grimm nor Mr. Maxey testified at trial. In lieu, the parties stipulated that Ms. Grimm does not recall whether she filed petitioner's 2003 return or sent it back to Mr. Maxey for filing. The parties also stipulated that Ms. Grimm has stated that if she had filed petitioner's 2003 return, she would have done so electronically. Further, the parties stipulated that Mr. Maxey has stated that he did not mail petitioner's 2003 return to the Internal Revenue Service.

---

[8] The record does not reveal how Mr. Maxey obtained that information.

In or about 2007 respondent commenced an examination for petitioner's 2003 taxable year.  Lacking a return, respondent proceeded by substitute for return procedures, see sec. 6020(b), and proposed a deficiency in tax and additions to tax under sections 6651(a)(1) and (2) and 6654(a).  Ultimately, on May 5, 2008, respondent sent a notice of deficiency to petitioner at his place of incarceration. Petitioner received the notice of deficiency and timely commenced the instant action on July 14, 2008.[9]  At trial petitioner testified that "I had never thought about * * * [my] 2003 tax return until I received a notice of deficiency."

After this case was at issue, respondent's Appeals Office contacted petitioner.  In its letter dated October 21, 2008, the Appeals Office advised petitioner that "[o]ur records do not show the timely filing of your 12/31/2003 federal income tax return" and requested that he "Kindly send a copy of the completed Form 1040 for this tax period."

In November 2008 petitioner responded in writing to respondent's Appeals Office, stating in part:

> With regards to the information which you have requested, I have enclosed a copy of my 2003 tax return which was apparently

---

[9] In the petition, petitioner disputed respondent's deficiency determination but did not expressly claim an overpayment.  Indeed, petitioner demonstrated his lack of knowledge about his 2003 tax year by stating that "I do not know if I was scheduled to receive a refund or owed and paid taxes."

timely filed by my attorney-in-fact Craig Maxey * * *. The enclosed copy bears a stamped signature but the first time that I saw this return was when I received a copy several days ago from Mr. Maxey [pursuant to my request].

As indicated, the Form 1040 as furnished by petitioner did not bear his actual signature but rather a stamped signature.[10] Also, the Form 1040 bears Ms. Grimm's actual signature as the return preparer. The Form 1040 reports zero taxable income and zero total tax and claims an overpayment equal to the amount of tax withheld from petitioner's compensation for the year.[11]

Finally, the record includes incomplete extracts of a transcript dated May 30, 2012, from the Ohio Department of Taxation for petitioner's 2003 Ohio tax year. The extracts do not definitively establish when the Ohio return was filed. Nor do the extracts serve to establish whether a Federal return was filed for 2003, although they do include a reference to the amount of petitioner's adjusted gross income as reported on the aforementioned Federal Form 1040 that was furnished to the Appeals Office in November 2008. The record indicates that the Ohio Department of Taxation issued petitioner a State income tax refund for tax year

---

[10] At trial petitioner testified that Ms. Grimm possessed his personal signature stamp and used it for both tax and nontax purposes.

[11] The Form 1040 reported zero taxable income and zero total tax on the basis of a variety of claimed losses, including a purported business loss of $52,056 for "excavation".

2003 in or about July 2012 and subsequently sent him a Form 1099-G, Statement for Recipients of State Income Tax Refunds, for tax year 2012 reporting that refund.

## Discussion

As previously stated, respondent concedes that petitioner overpaid his income tax for 2003 in an amount equal to the difference between his withholding ($12,156) and the deficiency in tax remaining in issue ($10,291), i.e., by $1,865. However, respondent contends that refund or credit of an overpayment--regardless of the amount--is barred by the statute of limitations. On the other hand, petitioner contends that there is no deficiency for that year and that he overpaid his tax by the entire amount of his withholding. In order to resolve the matter of a refund or credit, we must first decide whether petitioner filed an income tax return for 2003 and if so, when.

The record demonstrates that petitioner himself never prepared or signed an income tax return for 2003. Indeed, petitioner candidly admits that after he was taken into custody in April 2003 "my income taxes were the last thing I was thinking about" and that "I had absolutely no involvement in the taxes". Rather, petitioner contends that his "tax affairs" were handled by Mr. Maxey and Ms. Grimm and that they in concert were supposed to have prepared, signed, and filed

a 2003 return on his behalf.  However, petitioner never saw a 2003 return until November 2008 and thus does not <u>know</u> whether Mr. Maxey and Ms. Grimm did what he thinks they were supposed to have done.  Petitioner <u>surmises</u> that they did, largely on the basis of the filing of a 2003 Ohio State income tax return and the receipt of a refund for that year from the Ohio Department of Taxation.  However, the incomplete extracts of the transcript from the Ohio Department of Taxation for petitioner's 2003 Ohio tax year do not definitively establish when the Ohio return was filed, nor do those extracts serve to establish whether a Federal return for 2003 was filed.  Further, the Ohio refund for petitioner's 2003 Ohio tax year was not paid by the State until the summer of 2012, a matter that is unexplained by the record.

But more fundamentally, although Mr. Maxey may have gathered petitioner's tax information for 2003 and although Ms. Grimm may have prepared a Federal return for that year, the fact of the matter is that Ms. Grimm does not recall whether she filed the Federal return or sent it back to Mr. Maxey for him to file.  And Mr. Maxey states that he did not mail a return to the Internal Revenue Service.

In sum, on the record before us, we cannot conclude that either Ms. Grimm or Mr. Maxey filed a 2003 Federal return for petitioner.[12]  Rather, the record demonstrates that respondent received a 2003 Form 1040 in November 2008 after petitioner had commenced the instant action.

Allowance of Refund or Credit

We turn now to whether refund or credit of the overpayment for 2003--regardless of amount--is barred by the statute of limitations.

Section 6512(b)(1) authorizes the Court to determine the amount of an overpayment of tax in respect of a taxable year for which a deficiency has been determined.  However, section 6512(b)(3) imposes a limit on the amount of any overpayment that may be credited or refunded.  As relevant herein, section 6512(b)(3) provides as follows:

---

[12]  Thus, we need not decide whether any such return, which would have been unseen and unsigned by petitioner, would have been a valid return.  See sec. 6061; sec. 1.6061-1, Income Tax Regs.; see also Olpin v. Commissioner, 270 F.3d 1297, 1300 (10th Cir. 2001) ("The general rule when a tax return is unsigned is that it is invalid."), aff'g T.C. Memo. 1999-426; Mohamed v. Commissioner, T.C. Memo. 2013-255 (stating that to be valid a return must generally be signed by the taxpayer and not by the taxpayer's agent).

SEC. 6512.  LIMITATIONS IN CASE OF PETITION TO TAX
COURT.

(b) Overpayment Determined by Tax Court.--

  * * * * * * *

   (3) Limit on amount of credit or refund.--No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid--

  * * * * * * *

    (B) within the period which would be applicable under section 6511(b)(2) * * *, if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment * * *

Section 6511(b)(2) is entitled "Limit on amount of credit or refund."  In a case such as the instant one, where the date of the mailing of the notice of deficiency (May 5, 2008) is beyond the third year after the due date for filing the 2003 return (August 15, 2004, as extended) and no return was filed by the taxpayer before that date (i.e., before May 5, 2008), section 6511(b)(2)(B) applies to limit the amount of any refund or credit that may be made or allowed.  See Commissioner v. Lundy, 516 U.S. 235 (1996); Healer v. Commissioner, 115 T.C. 316, 319-320 (2000); cf. sec. 6512(b)(3) (final flush language); Zarky v. Commissioner, 123 T.C. 132 (2004).  In that regard section 6511(b)(2)(B)

provides that "the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim." Therefore, because petitioner's claim for refund is deemed to have been filed on May 5, 2008, see sec. 6512(b)(3)(B), only tax paid during the immediately preceding two-year period may be refunded or credited.

Petitioner paid no income tax other than through withholding from his compensation. Income tax withheld by a taxpayer's employer is deemed to have been paid by the taxpayer on April 15 of the year immediately following the calendar year for which the tax was withheld. Sec. 6513(b)(1). Therefore, petitioner is deemed to have paid the withheld tax for which he seeks a refund on April 15, 2004. This date, however, is not within the two-year lookback period immediately preceding the date of the notice of deficiency (May 5, 2008), which is the date of petitioner's deemed claim for refund or credit. Therefore, because petitioner did not pay any income tax during the two-year lookback period, he is not entitled to refund or credit of an overpayment for 2003 regardless of its amount. See Commissioner v. Lundy, 516 U.S. at 253; see also sec. 6511(b)(2)(B); Hart v. Commissioner, T.C. Memo. 1999-186.

Finally, we regard as unavailing any suggestion that it would be unfair, in view of respondent's concession that petitioner overpaid his tax liability for 2003,

to bar refund or credit of petitioner's overpayment. Suffice it to say that the Supreme Court of the United States has clearly instructed that limitations on allowance of refunds and credits prescribed by sections 6511 and 6512 shall be given effect, consistent with congressional intent, without regard to an individual's perceived notion of fairness. Commissioner v. Lundy, 516 U.S. 235.

To give effect to our disposition of the disputed issue, as well as respondent's concessions, and because the exact amount of the overpayment is moot,

Decision will be entered reflecting (1) a reduced deficiency of $10,291, (2) no additions to tax under sections 6651(a)(1) and (2) and 6654(a), and (3) an overpayment of $1,856 the refund or credit of which is barred by the statute of limitations.